UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 11-118-GWU

CURTIS NEIL ENGLE,                                                              PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

## INTRODUCTION

Curtis Engle brought this action to obtain judicial review of an administrative denial decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3.  The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

          Impairments). If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

     Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

     In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

      Additional information concerning the specific steps in the test is in order.

      Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

      Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical

vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);

4

however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Engle, an illiterate, 39-year-old former coal miner and dry wall hanger, suffered from impairments related to the residuals of a left ankle fracture, minimal degenerative changes of the spine, a history of alcohol abuse, depression and antisocial personality traits. (Tr. 14, 18-19). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of work at all exertional levels. (Tr. 15, 18). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 19). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

The time frame pertinent to this appeal is important. The ALJ noted that Engle's DIB-insured status expired on December 31, 2006. (Tr. 12). The plaintiff

11-118 Curtis Neil Engle

initially alleged a disability onset date of April 1, 2002 on his current DIB application filed in August of 2008. (Tr. 113). During the administrative hearing, the ALJ noted that the record indicated that the plaintiff had a history of two prior final denial decisions, one on April 15, 2004 and the other in July of 2005. (Tr. 28). The claimant's current onset date implied that he was seeking to reopen the prior denial determination of 2004 since the filing occurred more than four years after the initial determination. (Tr. 28-29). The claimant chose to amend his alleged onset date to April 16, 2004 in view of the prior determination. (Tr. 30). No further mention was made of the July 2005 denial decision. Engle asserts that the ALJ reopened this application by implication since he went on to discuss evidence from the time period relating to this prior application. The court will consider the time period from April 16, 2004 to December 31, 2006 as the time frame relevant to this appeal.

The hypothetical question initially presented to Vocational Expert William Ellis included such non-exertional restrictions as: (1) a limitation to one and two-step instructions; (2) a need to avoid contact with the public; (3) a limitation to medium to low stress settings which are not fast-paced; (4) an inability to perform production rate or quota-based production jobs; and (5) an inability to read. (Tr. 47). In response, Ellis identified a significant number of jobs which could still be performed, including landscape worker (242,000 national jobs) and janitor (1,300,000 national jobs). (Tr. 48). The ALJ then inquired about a limitation to medium level work, restricted from a full range by an inability to more than occasionally climb, stoop,

bend, crouch or crawl in addition to the aforementioned mental restrictions. (Id.). The expert indicated that the janitorial work previously cited would remain available and also cited packaging billing machine operator (55,000 national jobs) and packer (245,000 jobs). (Tr. 49). The ALJ then added a restriction concerning an inability to operate motorized equipment with a need to avoid exposure to unprotected heights and hazardous machinery. (Id.). These additional factors would not affect the previously cited job base. (Id.). The ALJ added an inability to more than frequently operate hand or foot controls on the left and no overhead reaching on the left. (Id.). Again, this would not change the available job numbers. (Id.). A change to a limitation concerning only occasional operation of hand and foot controls on the left would also not change the available job numbers. (Tr. 49-50). The ALJ then added a "moderate" difficulty in maintaining concentration and attention for extended periods and no more than occasional casual contact with other persons such as supervisors and co-workers with no public contact. (Tr. 50). These limitations would also not affect the previously cited job numbers. (Id.). Therefore, assuming that the vocational factors considered by Ellis during the relevant time period fairly characterized Engle's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

After review of the evidence presented, the undersigned concludes that the current administrative decision is supported by substantial evidence. Therefore, the

11-118 Curtis Neil Engle

court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ dealt properly with the evidence of record relating to Engle's mental condition during the relevant time period. On January 6, 2009, Psychologist Mary Thompson reviewed the record and opined that the plaintiff would be "moderately" limited in carrying out detailed instructions, maintaining attention and concentration for extended periods, interacting appropriately with the general public, and responding appropriately to changes in the work setting during the time prior to December 31, 2006.[1] (Tr. 331-332). These factors were based upon the findings of the prior ALJ. (Tr. 333). The mental factors found by the current ALJ and presented to the vocational expert were compatible with this opinion.

Psychologist Timothy Baggs examined Engle in December of 2008, during the processing of the current DIB application. Baggs reported a diagnostic impression of a major depressive disorder, possible cannabis abuse, possible alcohol abuse, possible borderline intelligence and a possible personality disorder. (Tr. 289). Baggs indicated that the plaintiff had the ability to understand and remember simple instructions. (Tr. 290). The claimant would have "mild" difficulty in maintaining sustained concentration and persistence in the completion of tasks in a normal amount of time and would have

---

[1] Thompson had previously reviewed the record on January 2, 2009 and indicated that the evidence was insufficient to complete the review for the pertinent time frame. (Tr. 299).

some difficulty in relating to others in a work or social situation. (Id.). Finally, Engle would have less ability than the average worker to respond effectively to normal work pressures. (Id.). The ALJ noted this opinion in his denial decision. (Tr. 17). The plaintiff asserts that the ALJ erred in failing to include the mental restrictions of Baggs in the hypothetical question. However, the court finds that the ALJ's findings were essentially consistent with this opinion with limitations to low stress, simple jobs without public contact. Furthermore, these restrictions were issued two years after the expiration of the claimant's DIB-insured status and would not necessarily "relate back" to the pertinent time period. Therefore, the court finds no error.

The ALJ also dealt properly with the evidence of record relating to Engle's physical condition. Dr. David Swan, a non-examining medical reviewer, indicated that the evidence of record was insufficient in the relevant time period prior to the December 31, 2006 date last insured to identify specific physical restrictions. (Tr. 378). The plaintiff asserts that the ALJ should not rely upon the opinion of a non-examiner who found the evidence of record to be insufficient. However, the claimant had the burden of providing sufficient evidence to prove his disability claim. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 214 (6th Cir. 1986). The lack of evidence relating to the pertinent time period is fatal to the claimant's disability claim.

Dr. Gopal Rastogi examined Engle in December of 2004 and diagnosed disc degeneration, entrapment neuropathy causing left sciatica, and old fractures of the left leg with plates and persistent pain. (Tr. 279). Dr. Rastogi opined that "in his current

11-118 Curtis Neil Engle

state of health, he is not fit for gainful employment." (Id.). The ALJ acknowledged this opinion but noted that this would be an issue reserved to the Commissioner and not binding. (Tr. 16). See 20 C.F.R. § 404.1527(e)(1). Thus, this opinion does not support the plaintiff's disability claim.

Dr. Robert Hoskins examined Engle in December of 2008 and noted an impression of chronic back pain, a history of degenerative disc disease in the lumbar spine, a history of bulging discs in the lumbar spine with nerve root symptoms on the left, an allegation of dysesthesia in the left arm of unknown etiology, and post-traumatic arthritis of the left leg with previous internal fusion of the distal tibia and fibula with screws and rods. (Tr. 295). Dr. Hoskins indicated that the plaintiff would be "excluded from some light carrying, light lifting, standing, walking, sitting, squatting, and kneeling." (Id.). These are more severe physical limitations than those presented by the ALJ in any of the alternative hypothetical questions, particularly in regard to the limitations with regard to standing, walking or sitting and light lifting or carrying.[2] The ALJ noted this assessment of Dr. Hoskins but did not include any of these limitations in his findings with regard to the relevant time period. (Tr. 17). The claimant argues that the ALJ erred in rejecting the opinion of Dr. Hoskins. However, the court notes that his opinion was issued two years after Engle's date last insured and does not necessarily "relate back"

---

[2]The ALJ, perhaps influenced by the prior ALJ's findings in July of 2005, did not find that the plaintiff suffered from any physical restrictions for the relevant time period. (Tr. 15, 47, 66).

to that time frame. The plaintiff notes the restrictions of Dr. Hoskins relate at least in part to conditions, such as his past leg injures, which afflicted him during the relevant time period and, so, these limitations should be found to "relate back" to the pertinent time frame. Indeed, the claimant's leg injuries go back to August, 2000 according to records from the Baptist Regional Medical Center. (Tr. 204-273). This is well before the alleged onset date of April 16, 2004 and suggests that Engle's condition has not been static over time but has gradually deteriorated. Thus, to say that the condition was of the same severity in December of 2006 that it was in December of 2008 is speculative in the absence of a definitive medical opinion. The claimant has not provided such evidence. Therefore, the court finds no error.

Engle submitted a medical report from Dr. Talmadge Hays directly to the Appeals Council, and, so, this information was never seen by the ALJ. (Tr. 391-395). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a

11-118 Curtis Neil Engle

claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence. <u>Sizemore</u>, 865 F.2d at 711. The party seeking the remand bears the burden of showing that a remand is proper under § 405. <u>Willis v. Secretary of Health and Human Services</u>, 727 F.2d 551 (6th Cir. 1984). In the present action, the plaintiff has not adduced any arguments as to why such a remand would be required.

The undersigned concludes that the administrative decision should be affirmed. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 1st day of March, 2012.

Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**